UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MILKA EDITH WILSON,

Plaintiff,

v.

FRANK BISIGNANO,
Commissioner of Social Security,

Defendant.

Case No. 2:25-cv-02187-EJY

**ORDER**

Plaintiff Milka Edith Wilson ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") finding she was not disabled under the Social Security Act (the "Act") ECF No. 11, Administrative Record ("AR") 32. The Court reviewed Plaintiff's Brief (ECF No. 11), the Commissioner's Response (ECF No. 12), and Plaintiff's Reply (ECF No. 13). The Court finds as follows.

**I. BACKGROUND**

Plaintiff filed an application for Disability Insurance Benefits under Title II of the Act on March 1, 2022. AR 23. The Commissioner denied Plaintiff's application initially on April 18, 2023 and upon reconsideration on February 27, 2024. *Id.* Plaintiff requested a hearing before an Administrative Law Judge (the "ALJ") that was held on October 29, 2024. *Id.* The ALJ issued her decision on December 13, 2024 finding Plaintiff was not disabled. AR 38. The Appeals Council denied Plaintiff's Request for Review on September 12, 2025. AR 1. Plaintiff seeks judicial review of the Commissioner's decision under 42 U.S.C. § 405(g).

**II. STANDARD OF REVIEW**

The reviewing court shall affirm the Commissioner's decision if it is based on correct legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is "more than a mere scintilla." More than a scintilla of evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Ford v. Saul*, 950

F.3d 1141, 1154 (9th Cir. 2020) (quoting *Biestek v. Berryhill*, 587 U.S. 97, 103) (2019) further citations omitted)). In reviewing the Commissioner's alleged errors, the Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986) (internal citations omitted).

"When the evidence before the ALJ is subject to more than one rational interpretation, … [the court] must defer to the ALJ's conclusion." *Batson*, 359 F.3d at 1198, *citing Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995). However, a reviewing court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (internal citation omitted). And, a court may not reverse an ALJ's decision based on a harmless error. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (internal citation omitted). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

## III. ESTABLISHING DISABILITY UNDER THE ACT

To establish whether a claimant is disabled under the Social Security Act, there must be substantial evidence that:

> 1. the claimant suffers from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and
>
> 2. the impairment renders the claimant incapable of performing the work that the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999), *citing* 42 U.S.C. § 423(d)(2)(A). "If a claimant meets both requirements, he or she is disabled." *Id*. (internal quotations omitted).

The ALJ uses a five-step sequential evaluation process to determine whether a claimant is disabled within the meaning of the Act. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a). Each step is potentially dispositive and "if a claimant is found to be 'disabled' or 'not-disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098 (internal citation omitted); 20 C.F.R. § 404.1520. The claimant carries the burden of proof at steps one through four, and the Commissioner carries the burden of proof at step five. *Tackett*, 180 F.3d at 1098.

The five steps consider:

> Step 1. Is the claimant presently working in a substantially gainful activity? If so, then the claimant is "not disabled" within the meaning of the Social Security Act and is not entitled to disability insurance benefits. If the claimant is not working in a substantially gainful activity, then the claimant's case cannot be resolved at step one and the evaluation proceeds to step two. 20 C.F.R. § 404.1520(b).
>
> Step 2. Is the claimant's impairment severe? If not, then the claimant is "not disabled" and is not entitled to disability insurance benefits. If the claimant's impairment is severe, then the claimant's case cannot be resolved at step two and the evaluation proceeds to step three. 20 C.F.R. § 404.1520(c).
>
> Step 3. Does the impairment "meet or equal" one of a list of specific impairments described in the regulations? If so, the claimant is "disabled" and therefore entitled to disability insurance benefits. If the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, then the claimant's case cannot be resolved at step three and the evaluation proceeds to step four. 20 C.F.R. § 404.1520(d).
>
> Step 4. Is the claimant able to do any work that he or she has done in the past? If so, then the claimant is "not disabled" and is not entitled to disability insurance benefits. If the claimant cannot do any work he or she did in the past, then the claimant's case cannot be resolved at step four and the evaluation proceeds to the fifth and final step. 20 C.F.R. § 404.1520(e).
>
> Step 5. Is the claimant able to do any other work? If not, then the claimant is "disabled" and therefore entitled to disability insurance benefits. 20 C.F.R. § 404.1520(f)(1). If the claimant is able to do other work, then the Commissioner must establish that there are a significant number of jobs in the national economy that the claimant can do. There are two ways for the Commissioner to meet the burden of showing that there is other work in "significant numbers" in the national economy that claimant can do: (1) by the testimony of a vocational expert [("VE")], or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2. If the Commissioner meets this burden, the claimant is "not disabled" and therefore not entitle116d to disability insurance benefits. 20 C.F.R. §§ 404.1520(f), 404.1562. If the Commissioner cannot meet this burden, then the claimant is "disabled" and therefore entitled to disability benefits. *Id*.

## IV. SUMMARY OF THE ALJ'S DECISION

At step one of the sequential process, the ALJ found Plaintiff had not engaged in substantial gainful activity since January 9, 2020, her alleged onset date of disability. AR 19. At step two, the ALJ identified Plaintiff as having the following severe impairments: "spinal disorder, migraine headaches, retinal detachment and defect, and visual disturbance." AR 20. The ALJ found Plaintiff's obesity, depression, and anxiety to be nonsevere impairments. *Id*. At step three, the AJ determined Plaintiff "did not have an impairment or combination of impairments that met or medically equaled the severity of an impairment listed in 20 CFR Part 404, Subpart P, Appendix 1

(20 CFR 404.1520(d), 404.1525 and 404.1526).” AR 22. The ALJ then found Plaintiff retained the residual functional capacity (“RFC”) to perform light work with various limitations. AR 23. Though Plaintiff had no past relevant work, the ALJ found that she retained the RFC to perform jobs that existed in significant numbers in the national economy and, therefore, she was not disabled under the Act. AR 31-32.

## V. DISCUSSION

“Once the claimant produces medical evidence of an underlying impairment, the Commissioner may not discredit the claimant’s testimony as to subjective symptoms merely because they are unsupported by objective evidence.” *Berry v. Astrue*, 622 F.3d 1228, 1234 (9th Cir. 2010) (quoting *Lester v. Chater,* 81 F.3d 821, 834 (9th Cir. 1995)). The ALJ “must provide specific, cogent reasons for the disbelief.” *Id*. (internal citations and quotations omitted). Specifically, “the ALJ must identify what testimony is not credible and what evidence undermines the claimant’s complaints.” *Id.* (internal citations and quotations omitted). If the ALJ’s credibility determination “is supported by substantial evidence in the record, the Court may not engage in second-guessing.” *Tony G. v. Kijakazi*, Case No. 2:22-cv-00312-BNW, 2023 WL 4542132, at *3 (D. Nev. July 14, 2023) (citing *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002)).

Plaintiff contends that the ALJ did not articulate clear and convincing reasons for discounting her subjective symptom testimony related to her migraines and spinal disorder. ECF No. 11 at 5. The ALJ observed that Plaintiff testified she experienced at least one migraine per week, caused by viewing electronics or straining her right eye due to blindness in her left eye. AR 23-24. Plaintiff also testified that she experienced only temporary improvement from the various pain management procedures she received related to her spinal disorder. AR 24. Although the ALJ found Plaintiff’s impairments “could reasonably be expected to cause the alleged symptoms,” she found Plaintiff’s “statements concerning the intensity, persistence and limiting effect of these symptoms … [were] not entirely consistent with the medical evidence.” *Id*.

The ALJ specifically stated that the objective evidence in the record failed “to provide strong support” for her allegations. AR 240. While contradiction with specific medical evidence is a sufficient reason to reject a portion of Plaintiff’s symptom testimony, *Carmickle v. Comm'r, Social*

*Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008), "an ALJ may not 'reject a ... [Plaintiff's] subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Smartt v. Kijakazi*, 53 F.4th 489, 494-95 (9th Cir. 2022) (quoting *Burch*, 400 F.3d at 681). Here, the ALJ recited the medical evidence in the record but did not identify what evidence contradicted her testimony. Ninth Circuit precedent makes clear that "providing a summary of medical evidence in support of a residual functional capacity finding is not the same as providing clear and convincing *reasons* for finding the claimant's symptom testimony not credible." *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) (emphasis in original).

The ALJ also observed that Plaintiff's "described daily activities" of babysitting her two nieces, cooking meals for 20 minutes, doing laundry, making the bead, cleaning bathrooms, and picking up after her dog were "not limited to the extent one would expect" given her migraines and backpain. AR 27-28. In *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014), the Ninth Circuit explained "ALJs must be especially cautious in concluding that daily activities are inconsistent with testimony about pain, because impairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day." The ALJ did not explain why Plaintiff's ability to do some chores and babysit her nieces on occasion contradicted any portion of her limitation testimony. *Arbizu v. Comm'r of Soc. Sec. Admin.*, No. CV-18-00893-PHX-JZB, 2019 WL 4451323, at *8 (D. Ariz. Sept. 17, 2019) (holding that a conclusory statement that a plaintiff's daily living activities were inconsistent with her ability to do work, without more, "falls short of establishing the clear and convincing reason necessary to discount Plaintiff's symptom testimony."). In the end, because the ALJ's decisions lacks support of a clear and convincing reason to reject Plaintiff's symptom testimony, the Court remands this case for further proceedings consistent with this Order.

## VI. ORDER

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Brief (ECF No. 11) is GRANTED.

IT IS FURTHER ORDERED that judgment is entered in favor of Plaintiff. This matter is therefore remanded to the Commissioner of Social Security for proceedings consistent with this Order under sentence four of 42 U.S.C. § 405(g).

IT IS FURTHER ORDERED that the Clerk of Court is directed to close this case.

Dated this 20th day of October, 2026.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE